UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 11-00892 DMG (FFMx)** | Date February 16, 2012 |
| Title ***Helen T. Aquino, et al. v. Wells Fargo Home Mortgage Inc., et al.*** | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 19, 2011, the Court ordered Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to show cause ("OSC") why this action should not be remanded to state court for lack of diversity jurisdiction pursuant to the Court's reasoning in *Rouse v. Wells Fargo Bank, N.A.*, Case No. CV 11-928-DMG (DTBx), 2012 WL 174206 (C.D. Cal. Jan. 13, 2012). Wells Fargo's response was due on February 3, 2012. As of the date of this Order, Wells Fargo as not filed any response.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Wells Fargo removed this action from state court on the basis of diversity jurisdiction on January 28, 2011. Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), Wells Fargo asserted that, as a national banking association, it is solely a citizen of the state in which its main headquarters are located. (Notice of Removal at 3; Doc. # 1.) Thus, Wells Fargo maintains that it is solely a citizen of South Dakota because its articles of association designate its headquarters in Sioux Falls, South Dakota. (*Id.*) *Schmidt*, however, expressly declined to hold that a national banking association's citizenship is limited to the state in which its main office is located as set forth in its articles of association. 546 U.S. at 315 n.8.

On January 13, 2012, this Court issued a decision in *Rouse, supra,* in which it found that because Wells Fargo's principal place of business is in California, it is a citizen of the state of California. The Court thereupon remanded the case to state court.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-00892 DMG (FFMx)** | Date | February 16, 2012 |
| Title | *Helen T. Aquino, et al. v. Wells Fargo Home Mortgage Inc., et al.* | Page | 2 of 2 |

    The Court finds no basis for a different result in this case.  This action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**